IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| JAMES BLUME, JR. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-10-260 |
| | § | |
| FIDELITY NATIONAL PROPERTY AND | § | |
| CASUALTY INSURANCE COMPANY | § | |

OPINION AND ORDER

Before the Court is the Motion for Summary Judgment of Defendant, Fidelity National Property and Casualty Insurance Company (Fidelity); the Motion seeks the dismissal of the Original Complaint of Plaintiff, James Blume, Jr., in its entirety. The Motion has been briefed and is ripe for determination.

The relevant facts can be briefly summarized. Plaintiff's home was insured by Fidelity under a Standard Flood Insurance Policy (SFIP) when it was damaged by flooding during Hurricane Ike. An independent adjuster originally determined Blume's covered damages to be $5,926.00 and Blume signed a Proof of Loss for that amount but it was rejected by Fidelity on December 20, 2008, for lack of supporting documentation. Blume submitted a second Proof of Loss in the amount of $6,229.56, which Fidelity approved and paid in full on January 13, 2009. On March 11, 2010, Blume, then represented by counsel, submitted a third Proof of Loss in the amount of the policy limits, $210,000.00, despite the prior payment. This Proof of Loss was undocumented and, therefore, rejected by Fidelity. Blume lowered his demand to $84,217.64 and also demanded an appraisal by letter dated June 22, 2010; once again, Fidelity

rejected Blume's demands. Fidelity, however, did determine from its further investigation, that Blume was owed an additional $5,276.27, but Blume refused to sign the supplemental Proof of Loss sent to him from Fidelity. Instead, on July 2, 2010, Blume filed this lawsuit.

Fidelity now seeks summary judgment on the basis of Blume's failure to comply with the requirement of the SFIP that he submit a timely and adequately documented Proof of Loss, which is a condition precedent to the filing of a lawsuit. Blume counters by arguing that "when the record as a whole is viewed in the light most favorable to him and when all reasonable inferences are made in his favor, the Court must find that there is at least a genuine issue of material fact with respect to whether the Insurance Company should be equitably estopped from asserting (that) defense in the case at bar." Unfortunately, for Blume, regardless of the appearance of any inequitable result, equitable estoppel is simply not an available remedy against a WYO carrier, like Fidelity, asserting the "Proof of Loss" defense. Gowland v. Aetna, 143 F.3d 951, 953-55 (5th Cir. 1998); Marseilles Homeowners Condominium v. Fidelity National Insurance Co., 542 F.3d 1053, 1056 (5th Cir. 2008)

In his Original Complaint, Blume asserted a breach of contract claim based upon Fidelity's refusal "to proceed to appraisal after Plaintiff's demand for such." This claim is mentioned in Blume's response to Fidelity's Motion, but is not argued. Nevertheless, it appears from the summary judgment evidence that Blume's claim was never ripe for an appraisal because disputes over coverage were never resolved. When Fidelity refused Blume's invocation of appraisal, it was of the opinion that his claim contained "items that were not damaged by flood waters." Appraisal is only appropriate when the scope of coverage is undisputed and only

the amount of loss remains to be determined.  Cf.  <u>Dwyer v. Fidelity National Property and Casualty Insurance Co.</u>, 565 F.3d 284, 286 (5th Cir. 2009)     Fidelity's refusal to go to appraisal was, therefore, not a breach of the SFIP.

For the foregoing reasons, it is **ORDERED** that the "Motion for Summary Judgment" (Instrument no. 26) of Fidelity National Property and Casualty Insurance Company, is **GRANTED** and that the Original Complaint of James Blume, Jr., is **DISMISSED in its entirety**.

**DONE** at Galveston, Texas, this     30th     day of October, 2013.

_____
John R. Froeschner
United States Magistrate Judge